**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VICTOR CORNELL MILLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 14-CV-541-JHP-TLW |
| | ) |
| ANITA TRAMMELL, Warden; | ) |
| SCOTT E. PRUITT, Attorney General, | ) |
| State of Oklahoma, | ) |
| | ) |
| Respondents. | ) |

## OPINION AND ORDER

On September 10, 2014, Petitioner, a prisoner presently in custody at the Tulsa County Jail and appearing pro se, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner seeks relief form his first degree murder convictions entered in Tulsa County District Court, Case No. CF-1999-4583. Before the Court is Respondent's "motion to dismiss petition attacking a state conviction that is not final" (Dkt. # 5). Petitioner filed a response to the motion (Dkt. # 7). For the reasons discussed below, the Court finds Respondent's motion shall be granted and the petition shall be dismissed without prejudice.

### *BACKGROUND*

Petitioner challenges two first degree murder convictions entered in Tulsa County District Court, Case No. CF-1999-4583. The record reflects that Petitioner was charged with and convicted of two counts of first degree malice aforethought murder and alternatively, first degree felony murder. On appeal from his convictions and sentences following his second trial, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner convictions, modified his sentence of death for Count I (the murder of Mary Bowles) to life imprisonment without the possibility of parole, and reversed and remanded his sentence of death for Count II (the murder of Jerald Thurman) for a

capital resentencing proceeding. Miller v. State, 313 P.3d 934, 1000 (Okla. Crim. App. 2013). On September 20, 2013, the trial court filed a modified Judgment and Sentence for Count I. See Dkt. # 6-2 at 1. However, as of today's date, Petitioner's resentencing proceedings for Count II remain pending in Tulsa County District Court, Case No. CF-1999-4583.

In his petition for writ of habeas corpus (Dkt. # 1), Petitioner identifies eight grounds of error, summarized as follows:

> Ground 1: The trial court refused to instruct on the lesser included offense of accessory after the fact.
>
> Ground 2: Ineffective assistance of trial counsel.
>
> Ground 3: Cruel and unusual punishment (excessive punishment) and denial of due process by knowing use of false perjured testimony.
>
> Ground 4: Prosecutorial misconduct.
>
> Ground 5: Double jeopardy.
>
> Ground 6: Admission of other crimes evidence.
>
> Ground 7: The state court was without jurisdiction due to violation of Interstate Agreement on Detainers Act.
>
> Ground 8: Cumulative error.

(Dkt. # 1). In response to the petition, Respondent filed a motion to dismiss arguing that, because Petitioner's resentencing proceeding as to Count II remains pending, this Court is required to abstain pursuant to Younger v. Harris, 401 U.S. 37 (1971). Petitioner filed a response (Dkt. # 7), arguing that the Court may consider his claims because the issues in Younger are not present in this case. In the alternative, Petitioner requests that, if his habeas claims are premature, the Court enter an order holding this case in abeyance until the state proceedings are completed and all convictions and sentences are final. Id.

*ANALYSIS*

The Younger doctrine sets forth principles for determining when it is appropriate to abstain from interfering with a state judicial proceeding. See Younger v. Harris, 401 U.S. 37, 45 (1971) ("the normal thing to do when federal courts are asked to enjoin pending state proceedings in state courts is not to issue such injunctions"). Younger abstention requires an ongoing state judicial (or in a proper case administrative) proceeding, the presence of an important state interest, and an adequate opportunity to raise federal claims in the state proceedings. Winnebago Tribe v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003) (citation omitted); Seneca-Cayuga Tribe of Okla. v. State of Okla. ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989). If these three conditions are satisfied, "Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003) (citation omitted).

In this case, there is clearly an ongoing state judicial proceeding in Tulsa County District Court, Case No. CF-1999-4583. Furthermore, the prosecution of a person accused of violating state law unquestionably implicates an important state interest. See, e.g., Hicks v. Miranda, 422 U.S. 332, 349 (1975) (invoking Younger abstention in a case involving a pending state criminal prosecution, noting that the doctrine was "designed to permit state courts to try state cases free from interference by federal courts . . . .") (quotation and citation omitted). Finally, Petitioner is being provided with an adequate opportunity to present his federal constitutional claims. The docket sheet for Tulsa County District Court, Case No. CF-1999-4583, shows that a hearing on a discovery motion is presently set for October 21, 2015. In addition, Petitioner has been given the opportunity to participate in pretrial matters. After Petitioner's resentencing is concluded, he will have the

3

opportunity to file a direct appeal where his federal constitutional claims may be raised, and he will also have the chance to present federal constitutional claims in a post-conviction application for relief. See Okla. Stat. tit. 22, § 1086, et seq. Thus, all three of the Younger conditions are satisfied and this Court is required to abstain.

In addition, in Burton v. Stewart, 549 U.S. 147 (2007), the Supreme Court held that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." Id. at 156 (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). A case on remand for resentencing is not final "for purposes of habeas proceedings arising from state court convictions until the resentencing and the direct appeal thereof [are] complete." United States v. Carbajal-Moreno, 332 F. App'x 472, 475 (10th Cir. 2009) (unpublished)[1] (citing Burton, 549 U.S. at 156). Accordingly, because Petitioner's resentencing has not yet occurred, his state judgment has not become final, and thus his habeas petition is not ripe for review at this time. See, e.g., Najera v. Murphy, 462 F. App'x 827, 829-30 (10th Cir. 2012) (unpublished) (stating that, in determining the finality of a state court judgment for purposes of the one year limitations period applicable to a § 2254 petition, a case on remand for resentencing was not final until the resentencing and the direct appeal thereof were complete); Carbajal-Moreno, 332 F. App'x at 476; Maharaj v. Sec'y for Dep't of Corrs., 304 F.3d 1345, 1349 (11th Cir. 2002) (finding habeas petition was not ripe for review and affirming district court's dismissal without prejudice of petition where petitioner still awaited re-sentencing at the time he filed his petition).

---

[1]This and other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Lastly, the Court declines to stay this action as requested by Petitioner. In response to the motion to dismiss, Petitioner expresses concern with regard to the one year statute of limitations. See Dkt. # 7 at 2-3. As discussed above, Petitioner's convictions and sentences will not become final for purposes of the one year statute of limitations imposed by 28 U.S.C. § 2244(d) until the judgment, including the Judgment and Sentence entered on Count II, becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Burton, 549 U.S. at 156 (the AEDPA limitations period does "not begin until both [the] conviction and sentence 'became final'"). As long as Petitioner timely files his habeas petition after his resentencing proceeding concludes and the modified or amended judgment therefrom becomes "final by the conclusion of direct review or the expiration of the time for seeking such review," the State will not be able to present an argument that Petitioner's claims, including those presented in this petition, are time barred. See Carbajal-Moreno, 332 F. App'x at 476-77.

For the reasons discussed above, Respondent's motion to dismiss shall be granted and the petition shall be dismissed without prejudice.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack

v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Petitioner cannot satisfy the second prong of the required showing, i.e., that the Court's procedural ruling resulting in the dismissal of the petition is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve this matter differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition attacking a state conviction that is not final (Dkt. # 5) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice**.
3. This is a final Order terminating this action.
4. A certificate of appealability is **denied**.

**DATED** this 6th day of August, 2015.

James H. Payne
United States District Judge
Northern District of Oklahoma